PER CURIAM.
The Florida Bar, by direction of its Board of Governors, proposes amendments to Canon 3 of the Code of Professional Responsibility concerning the use of non-lawyer personnel by members of The Florida Bar. The proposal is a substantial expansion of EC 3-6 and a completely new Disciplinary Rule 3-104. The objective of the amendments is to more fully define the proper use of nonlawyer personnel by members of The Florida Bar in rendering legal services to the public.
We hereby approve the proposals, with two modifications. The present EC 3-6 is hereby deleted, and the following provision is substituted therefor:
EC 3-6 A lawyer or law firm may employ nonlawyers such as secretaries, law clerks, investigators, researchers, legal assistants, accountants, draftsmen, office administrators, and other lay personnel to assist the lawyer in the delivery of legal services. A lawyer often delegates tasks to such persons. Such delegation is proper if a lawyer retains a direct relationship with his client, supervises the delegated work, and has complete professional responsibility for the work product.
The work which is delegated is such that it will assist the employing attorney in carrying the matter to a completed product either by the lawyer’s personal examination and approval thereof or by additional effort on the lawyer’s part. The delegated work must be such, however, as loses its separate identity and becomes either the product or else merged in the product of the attorney himself.
A lawyer may employ nonlawyers to do any tasks for him except (i) counsel clients about legal matters, (ii) appear in court or appear in proceedings which are a part of the judicial process, or (iii) otherwise engage in the unauthorized practice of law; provided, however, the lawyer must become and remain responsible to the client for any work undertaken by nonlawyer office personnel, supervise the work and maintain a direct relationship with the client.
When communicating with persons outside the law office including other lawyers, a nonlawyer must disclose his status as such. The disclosure must be made in a way that avoids confusion. With respect to oral communications, disclosure must be made at the outset of the conversation. It is permissible for nonlawyer office personnel to sign letters on the firm’s stationery as long as the nonlawyer status is clearly indicated. The supervising attorney has the ultimate responsibility for compliance by the nonlawyer with the applicable provision of the Code of Professional Responsibility.
The word “unauthorized” has been inserted in the sixth line of the third paragraph.
We hereby add to the Code of Professional Responsibility Disciplinary Rule 3-104 concerning nonlawyer personnel, which shall read as follows:

DR 3-104 Non-Lawyer Personnel

(A) A lawyer or law firm may employ nonlawyer personnel to perform delegated functions under the direct supervision of a licensed attorney, but shall not permit such nonlawyer personnel to (i) counsel clients about legal matters, (ii) appear in court or in proceedings which are a part of the judicial process, or (iii) otherwise engage in the unauthorized practice of law.
(B) A lawyer or law firm that employs nonlawyer personnel shall not per *17 mit any representation that such nonlaw-yer is a member of The Florida Bar.
(C) A lawyer or law firm that employs nonlawyer personnel shall exercise a high standard of care to assure compliance by the nonlawyer personnel with the applicable provisions of the Code of Professional Responsibility. The initial and the continuing relationship with the client must be the responsibility of the employing attorney.
(D) The delegated work of nonlawyer personnel shall be such that it will assist only the employing attorney and will be merged into the lawyer’s completed product. The lawyer shall examine and be responsible for all work delegated to nonlawyer personnel.
(E) The lawyer or law firm that employs nonlawyer personnel shall not permit such nonlawyer to communicate with clients or the public, including lawyers outside his firm, without first disclosing his nonlawyer status.
The words “a high standard of care” have been substituted for “reasonable care” in paragraph (C), and the word “unauthorized” has been inserted in paragraph (A) (iii).
With reference to our modification of EC 3-6, we agree with the suggestion by Florida Legal Services, Inc., that the word “unauthorized” should be inserted prior to the words “practice of law” in the third paragraph of EC 3-6. This makes the phrase conform to the direction of Canon 3, which is:
“A Lawyer Should Assist in Preventing the Unauthorized Practice of Law.”
It also clarifies those matters which lawyers consider the practice of law but for which a layman may be specifically authorized to act. As an illustration, it is not our intent that this new ethical consideration should be construed in a manner which would prohibit legal aid lawyers from employing paraprofessionals to assist in resolving disputes before federal welfare agencies, which allow, by federal law, nonlawyers to represent individuals before the agency. We do intend that such paraprofessionals must perform the work at the direction of the legal aid agency lawyer who accepts the ultimate responsibility for the paraprofessional activity.
Our second modification relates to new Disciplinary Rule 3-104. The original proposal stated: “A lawyer . . . shall exercise reasonable care to assure compliance by the nonlawyer personnel with the applicable provisions of the Code of Professional Responsibility.” We believe a lawyer must exercise a high standard of care to assure compliance by his employees with the provisions of' the Code of Professional Responsibility, and the Disciplinary Rule has been modified accordingly.
The petition for amendment to the Code of Professional Responsibility is granted as modified herein.
It is so ordered.
ADKINS, C. J., and BOYD, OVER-TON and HATCHETT, JJ., concur.
ROBERTS, J., dissents.
ENGLAND, J., concurs with an opinion, with which BOYD, OVERTON and SUNDBERG, JJ., concur.
SUNDBERG, J., concurs in part and dissents in part with an opinion.